# IN THE COURT OF APPEALS OF IOWA

No. 16-0994
Filed August 31, 2016

IN THE INTEREST OF A.H.,
Minor Child,

STATE OF IOWA,
        Appellant.

_____

Appeal from the Iowa District Court for Black Hawk County, Daniel L. Block, Associate Juvenile Judge.

The State, in an interlocutory appeal, challenges a juvenile court order prohibiting the Iowa Department of Human Services from notifying relatives in a child in need of assistance proceeding unless authorized by the mother. **REVERSED AND REMANDED.**

Thomas J. Miller, Attorney General, and Charles K. Phillips, Assistant Attorney General, for appellant State.

Andrew C. Abbott of Abbott Law Office, P.C., Waterloo, for appellee mother.

Timothy M. Baldwin of the Juvenile Public Defender's Office, for minor child.

Considered by Danilson, C.J., and Mullins and Bower, JJ.

**BOWER, Judge.**

The State, in an interlocutory appeal, challenges a juvenile court order prohibiting the Iowa Department of Human Services (DHS) from notifying relatives in a child-in-need-of-assistance (CINA) proceeding unless authorized by the mother.  We find the juvenile court order improperly prohibits DHS from fulfilling its statutory duty under Iowa Code section 232.84(2) (2015).  We reverse the decision of the juvenile court and remand for further proceedings.

## I.      Background Facts & Proceedings

S.L., mother, and A.H., father, are the parents of a child.  Due to the parents' use of methamphetamine, the child was adjudicated a CINA pursuant to Iowa Code section 232.2(6)(c)(2), (n), and (o).  The child was placed with a maternal aunt and uncle.

The mother cooperated with the preparation of a Social History Report and told social workers the names of several relatives.  She then filed an application seeking to enjoin DHS from contacting the relatives unless she signed a release, claiming she wanted to protect her privacy rights.  Without a hearing, and prior to a response by the State, the juvenile court entered an order providing DHS "shall not release any information regarding the above captioned matter to relatives of the mother who the mother, [S.L.], has not authorized to receive the information or signed the necessary releases."

The State filed a motion pursuant to Iowa Rule of Civil Procedure 1.904(2) stating DHS was required by Iowa Code section 232.84 and 42 U.S.C. § 671(a)(29) (2012 & Supp. I 2014) to give notice to relatives.  The State claimed DHS did not have discretion in giving notice to relatives and a parent did not

have the right to object to the notice. The juvenile court denied the motion and again ruled DHS could not release any information about the CINA adjudication to relatives unless the mother had authorized them to receive the information or she had signed releases.

The State filed an application for interlocutory appeal and the mother filed a response. The Iowa Supreme Court granted the application for interlocutory appeal.

## II. Standard of Review

Generally, our review in CINA proceedings is de novo. *In re A.M.H.*, 516 N.W.2d 867, 870 (Iowa 1994). However, when an issue requires statutory interpretation, our review is for correction of errors at law. *In re J.C.*, 857 N.W.2d 495, 500 (Iowa 2014).

## III. Discussion

In order to be eligible for foster care and adoption assistance, federal law requires states to adopt a plan that:

> provides that, within 30 days after the removal of a child from the custody of the parent or parents of the child, the state shall exercise due diligence to identify and provide notice to the following relatives: all adult grandparents, all parents of a sibling of the child, where such parent has legal custody of such sibling, and other adult relatives of the child (including any other adult relatives suggested by the parents), subject to exceptions due to family or domestic violence, that—
>
> (A) specifies that the child has been or is being removed from the custody of the parent or parents of the child;
>
> (B) explains the options the relative has under Federal, State, and local law to participate in the care and placement of the child, including any options that may be lost by failing to respond to the notice;
>
> (C) describes the requirements under paragraph (10) of this subsection to become a foster family home and the additional

services and supports that are available for children placed in such a home; and

(D) if the State has elected the option to make kinship guardianship assistance payments under paragraph (28) of this subsection, describes how the relative guardian of the child may subsequently enter into an agreement with the State under section 673(d) of this title to receive the payments.

42 U.S.C. § 671(a)(29).

In 2013, the Iowa legislature amended section 232.84(2), to provide:

Within thirty days after the entry of an order under this chapter transferring custody of a child to an agency for placement, the agency shall exercise due diligence in identifying and providing notice to the child's grandparents, aunts, uncles, adult siblings, parents of the child's siblings, and adult relatives suggested by the child's parents, subject to exceptions due to the presence of family or domestic violence.

Section 232.84(3) sets out the required content for the notice.

In section 232.84(2), the phrase "'suggested by the child's parents' only modifies 'adult relatives' and not the categories of relatives preceding 'adult relatives.'" *In re R.B.*, 832 N.W.2d 375, 380 (Iowa Ct. App. 2013). The statute enumerates the close relatives who should receive notification from DHS. *Id.* "The statute then broadens the universe of relatives subject to notification to include 'adult relatives suggested by the child's parents.'" *Id.* "This is an additional category of relatives to whom the agency's identification and notification obligation extends; it is not a limitation on the relatives subject to notification." *Id.* Section 232.84(2) requires DHS "to independently 'exercise due diligence' in identifying and notifying relatives." *Id.* at 381. In order to place children in the least restrictive placement, DHS needs to identify and contact relatives in order to afford the relatives an opportunity to come forward as possible placement options. *Id.* at 382.

Even if relatives are informally aware of a child's placement in foster care, "the burden remain[s] with the department to formally notify them of the transfer." *In re N.V.*, 877 N.W.2d 146, 151 (Iowa Ct. App. 2016). In circumstances where DHS did not give notice to relatives, we stated:

> The statutorily-prescribed notice would have clarified [the relatives'] options with respect to the child. The department's failure to provide the notice prejudiced their rights. Under the circumstances, we conclude the department acted unreasonably in refusing to notify the relatives of the child's removal from the mother's care.

*Id.* at 152. The contents of the notice to be given to the relatives listed in the statute "are statutorily prescribed and are specific and detailed." *Id.* at 151.

Under section 232.84(2), DHS "*shall* exercise due diligence in identifying and providing notice to the child's grandparents, aunts, uncles, adult siblings, and parents of the child's siblings." (Emphasis added). In addition to giving notice to these relatives, DHS is required to give notice to "adult relatives suggested by the child's parents." Iowa Code § 232.84(2); *R.B.*, 832 N.W.2d at 380. "When the word 'shall' appears in a statute, it generally connotes the imposition of a mandatory duty." *Ramirez-Trujillo v. Quality Egg, L.L.C.*, 878 N.W.2d 759, 771 (Iowa 2016). We conclude section 232.84(2) places a mandatory duty upon DHS to give notice to the relatives listed in the statute.

The only exception found in the statute is when family or domestic violence is present. Iowa Code § 232.84(2). There is no claim of family or domestic violence in this case. The mother sought to enjoin DHS from providing notice to the child's relatives based on her privacy rights and the privacy rights of her child. This is not a ground recognized by the statute. Furthermore, the mother did not cite any authority to support her request.

We conclude the juvenile court erred in ordering DHS not to release any information regarding this CINA proceeding to relatives of the mother unless the mother authorized them to receive the information or she signed necessary releases. The juvenile court order improperly prohibits DHS from fulfilling its statutory duty under Iowa Code section 232.84(2). We reverse the decision of the juvenile court and remand for further proceedings.

**REVERSED AND REMANDED.**